

U. S. DEPARTMENT OF JUSTICE

*WILLIAM J. IHLENFELD, II*
*United States Attorney*
*Northern District of West Virginia*

1125 Chapline Street
P.O. Box 591
Wheeling, WV 26003

Phone: (304) 234-0100
Fax: (304) 234-0111

January 11, 2013

FILED
FEB 12 2013
U.S. DISTRICT COURT
MARTINSBURG, WV 25401

Kevin D. Mills, Esq.
1800 West King Street
Martinsburg, WV 25401

In re: United States v. WILLIAM LAWRENCE, Criminal No.: 3:12-CR-65

Dear Mr. Mills:

This will confirm conversations with you concerning your client, William Lawrence (hereinafter referred to as Mr. Lawrence). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Mr. Lawrence agrees to plead guilty to Count Two of the Indictment charging that on or about July 1, 2012, he knowingly sold a firearm, that is, a Harrington and Richardson, model Self-Loading 32, .32 caliber pistol, serial number 32263, with a detachable magazine, to a person known to the Grand Jury, knowing and having probable cause to believe that said person had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

2. The maximum penalty to which Mr. Lawrence will be exposed by virtue of his plea of guilty to Count Two of the Indictment, as stated in paragraph 1 above, is: **not more than ten (10) years of imprisonment; a fine up to $250,000; and not more than three (3) years of supervised release pursuant to Title 18, United States Code, Sections 922(d)(1), 924(a)(2), 3559(a)(3), and 3583(b)(2).** Mr. Lawrence will also be required to pay a mandatory special assessment of $100.00, (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Mr. Lawrence might be required by the Court to pay the costs of his incarceration.

William A. Lawrence — 1/25/13

William Lawrence — Date Signed

[signature] for — 1/25/13

Kevin D. Mills, Esq.
Counsel for Mr. Lawrence — Date Signed

3. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that **the applicable base offense level is a Base Offense Level 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(B).** The parties also agree and stipulate that **six (6) firearms were involved in this offense for purposes of U.S.S.G. § 2K2.1(b)(1)(A), as defined by U.S.S.G. § 2K2.1, Application Note 5.** The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation, and if not accepted by the Court, Mr. Lawrence will not have the right to withdraw his plea of guilty. The parties agree to litigate **whether the firearm underlying Count Seven satisfies the stolen firearm enhancement in U.S.S.G. § 2K2.1(b)(4), as defined by U.S.S.G. § 2K2.1, Application Note 8(B).**

4. Mr. Lawrence will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Lawrence will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

5. Nothing contained in any statement or any testimony given by Mr. Lawrence pursuant to Paragraph 5 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Lawrence in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Lawrence's applicable guideline range. This Agreement does not prevent Mr. Lawrence from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this Agreement. In addition, nothing contained in this Agreement shall prevent the United States from prosecuting Mr. Lawrence for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 5 above.

6. At final disposition, the United States will advise the Court of Mr. Lawrence's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also dismiss the remaining counts pending against the defendant.

William A. Lawrence
William Lawrence

1/25/13
Date Signed

Kevin D. Mills, Esq.
Counsel for Mr. Lawrence

1/25/13
Date Signed

7. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should or will be. This Agreement includes nonbinding sentencing recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, Mr. Lawrence understands that the Court is not bound by these sentencing recommendations, and that he has no right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this Plea Agreement.

8. The United States will make the following nonbinding recommendations: 1) if Mr. Lawrence accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Mr. Lawrence give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Mr. Lawrence must execute this Plea Agreement on or before January 25, 2013, at 5:00 p.m.**, and return or fax an executed copy to the United States by that day and time; and, 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable Guideline range.

9. If, in the opinion of the United States, Mr. Lawrence either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and Mr. Lawrence will not have the right to withdraw his guilty plea.

William A. Lawrence
William Lawrence

1/25/13
Date Signed

for
Kevin D. Mills, Esq.
Counsel for Mr. Lawrence

1/25/13
Date Signed

10. Mr. Lawrence is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal his sentence (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or an any ground whatever, and waives the right to collaterally attack his sentence including but not limited to a motion brought under Title 28, United States Code, Section 2255, if the Court determines that defendant's base offense level under the advisory Guidelines is a Level 14 or less. This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Mr. Lawrence's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Lawrence or his counsel.

12. If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

William A. Lawrence ________________________ 1/25/13 ________________________
William Lawrence — Date Signed

________________________ for — 1/25/13 ________________________
Kevin D. Mills, Esq. — Date Signed
Counsel for Mr. Lawrence

13. The above twelve (12) paragraphs constitute the entire agreement between Mr. Lawrence and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. IHLENFELD, II
United States Attorney

By: Jarod J. Douglas
Assistant United States Attorney

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

William Lawrence

1/25/13
Date Signed

Kevin D. Mills, Esq.
Counsel for Mr. Lawrence

1/25/13
Date Signed